Filing # 122749106 E-Filed 03/09/2021 11:43:27 AM

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL ACTION

THOMAS and GAIL GUGLIELMELLO,

        CASE NO.: 2021-CA-

    Plaintiff,        **JURY DEMAND**

v.

NEWREZ, LLC,

    Defendants.

_____/

## PLAINTIFF'S COMPLAINT WITH JURY TRIAL DEMAND

Plaintiffs, THOMAS and GAIL GUGLIELMELLO (hereinafter "Plaintiffs") as well as the Purported Class, by and through the undersigned counsel, sues NEWREZ, LLC, and alleges:

### GENERAL ALLEGATIONS

1. Plaintiff is an individual that resides in PASCO County, Florida.

2. Defendant, NEW REZ, LLC, is a Delaware Limited Liability Company that regularly transacts business in this State and in Hillsborough County by virtue of holding mortgage interests in real property.

3. Plaintiff was previously sued by Defendant's predecessor, PHH MORTGAGE CORPORATION, in the related foreclosure case styled a PHH MORTGAGE CORPORATION, Case No.: 15-CA-0682 ("foreclosure").

4. Throughout the pendency of the foreclosure, Plaintiff was been engaged in loss mitigation with the Defendant.

5. To that end, Plaintiff reinstated his mortgage account.

6. The foreclosure action was then dismissed after the borrowers reinstated their mortgage. This reinstatement brought the loan current through July 31, 2019, after which the August 1, 2019 installment was due.

7. As part of the reinstatement, the Defendant (through its counsel) indicated that any billing errors would first be addressed through counsel.

8. After the reinstatement funds were accepted, a number of billing errors occurred. First, and despite paying the full reinstatement amount, the Defendants (or their predecessor) caused the Plaintiffs to be charged for attorney's fees and court costs that were not due after the reinstatement funds were accepted in a September of 2019 statement.

9. Next, in all statements until June of 2020, the incorrect interest rate was used in calculating the amount due and owing. The statements reflected 4.75% when, in reality, the applicable charge was 4%.

10. Finally, a significant issue with the payoff figures provided for the loan closing. After recalculating all payments the principal amount actually increased, despite an increase in the applicable payments to the principal of the loan.

11. Despite these payment issues, the Plaintiffs had attempted to sell the home in question, and ultimately entered into a purchase contract with third party purchasers.

12. Despite their issues with the payoff amount, Defendant would not correct the payoff figures.

13. As a result of this refusal, the Plaintiffs closed on that transaction "under protest" expressly reserving the right to pursue this claim.

14. Prior to the closing, the Plaintiffs requested an itemized breakdown of the payoff figures pursuant to Fla. Stat. 701.04 and RESPA (12 USC 2605).

15. All conditions precedent to this matter have been substantially complied with or have been waived.

16. Plaintiff has engaged Owen & Dunivan, PLLC to prosecute this matter and has agreed that they are entitled to a reasonable fee.

### COUNT I - VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

17. Plaintiff repeats and restates paragraphs 1 - 16 as if fully set forth herein.

18. Defendant is a person as that term is defined under Florida law.

19. Defendant seeks to collect consumer debts within the state of Florida.

20. Plaintiffs are consumers as that term is defined under Fla. Stat. 559.55(8).

21.     Plaintiffs have obligations allegedly payable to Defendant, which arise from transactions which primarily for personal, family, or household purposes.

22.     Defendant, in collecting these consumer debts, violated the Fla. Stat. 559.72, by claiming a debt when such person knows that the debt is not legitimate and asserted the existence of some other legal right when such person knows that the right does not exist.

23.     Defendant, in collecting these consumer debts, violated the Fla. Stat. 559.72, by threatening to collect a debt when such person knows that the debt is not legitimate and asserted the existence of some other legal right when such person knows that the right does not exist.

WHEREFORE, Plaintiff and Class Members seek judgment in their favor, for statutory damages, actual damages and other damages to be acceptable at law, for attorney's fees and court costs pursuant to Fla. Stat. 559.77(2), for interest (pre-judgment and post-judgment), and for any and all other relief this court deems just.

## COUNT II - VIOLATION OF THE REAL ESTATE SETTLEMENT AND PROCEDURES ACT

24.     Plaintiff repeats and restates paragraphs 1 - 16 as if fully set forth herein.

25.     At all times relevant to this action, Defendant is subject to and must abide by the Real Estate Settlement Procedures Act, 12 U.S.C § 2601, et. seq. ("RESPA"), and the regulations applicable thereto, as set forth under 24 CFR §3500.1, et. seq., and 12 CFR § 1024.30, et. seq.

26.     Defendant engaged in an act or omission prohibited under 12 USC 2605(k)(1)(C) and 12 CFR § 1024.35-36 by its failure to take timely action to respond to Plaintiff's request for a final balance, to correct errors within the payoffs, to properly calculate the payoff figure, to accurately apply accepted payments to the principal, interest, and escrow accounts, etc.

27.     As a direct and proximate result of the above-described violations of RESPA by Defendant, Plaintiffs have suffered losses and damages. This includes but is not limited to a substantial overpayment of the amount sought

WHEREFORE, Plaintiffs seek judgment in their favor, for statutory damages, actual damages and other damages to be acceptable at law, for attorney's fees and court costs, for interest (pre-judgment and post-judgment), and for any and all other relief this court deems just.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable

                                  Respectfully submitted,

                                  OWEN & DUNIVAN, PLLC
                                  Attorneys for Plaintiff.
                                  615 W. De Leon St.
                                  Tampa, FL 33606
                                  Phone: 813.502.6768
                                  Email: bdunivan@owendunivan.com
                                        eservice@owendunivan.com

By: _____
                                  Bryant H. Dunivan Jr., Esq.
                                  Fla. Bar No.: 102594